UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHANIE M. KANE, | : | CIVIL NO: 1:22-CV-00582 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, *Acting* | : | |
| *Commissioner of Social Security*, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. Introduction.

This is a social security action brought under 42 U.S.C. § 405(g).  The

plaintiff, Stephanie M. Kane ("Kane"), seeks reversal of the final decision of the

Commissioner of Social Security ("Commissioner") denying her claims for

disability insurance benefits and supplemental security income under Title II and

Title XVI respectively of the Social Security Act.  We have jurisdiction under 42

U.S.C. § 405(g).  For the reasons set forth below, we will vacate the

Commissioner's decision and remand the case to the Commissioner for further

proceedings.

## II.  Background and Procedural History.

We refer to the transcript provided by the Commissioner. *See docs. 12-1* to *12-7*.[1]  On February 28, 2019, Kane filed a Title II application for a period of disability and disability insurance benefits. *Admin. Tr.* at 105.  Subsequently, Kane filed a Title XVI application for supplemental security income on March 15, 2019. *Id.*  Kane alleged a disability onset of January 11, 2017, in both applications. *Id.* The Commissioner denied her claim initially and then again on reconsideration. *Id.* Kane requested an administrative hearing, and on February 8, 2021, Kane, represented by an attorney, testified at a hearing by telephone[2] before Administrative Law Judge ("ALJ") Charles Dominick. *Id.*  An impartial vocational expert also appeared at the hearing. *Id*

The ALJ determined that Kane had not been under a disability within the meaning of the Social Security Act from January 11, 2017, through the date of his decision, March 3, 2021. *Id*. at 106.  Thus, the ALJ denied her benefits. *Id.* at 120. Kane appealed the ALJ's decision to the Appeals Council, which denied her request for review on February 23, 2022. *Id*. at 376.  This makes the ALJ's

---

[1] Because the facts of this case are well known to the parties, we do not repeat them here in detail.  Instead, we recite only those facts that bear on Kane's claims.

[2] Due to the extraordinary circumstances presented by the Coronavirus Pandemic, Administrative Law Judge Charles Dominick conducted the hearing over the telephone.

decision the final decision of the Commissioner subject to judicial review by this Court.

In April of 2022, Kane began this action by filing a complaint against the Commissioner, seeking an order reversing the Commissioner's decision. *See doc. 1*. Kane requests that the court find that she is disabled and entitled to disability insurance benefits and supplemental security income benefits or, in the alternative, remand the case to the Commissioner for further proceedings. *Id*.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned. *Doc. 10*. The Commissioner then filed an answer and a certified transcript of the administrative proceedings. *Docs. 11, 12*. The parties filed briefs (*docs. 15–17*), and this matter is ripe for decision.

## III. Legal Standards.

### A. Substantial Evidence Review—the Role of This Court.

When reviewing the Commissioner's final decision denying a claimant's application for benefits, "the court has plenary review of all legal issues decided by the Commissioner." *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). But the court's review of the Commissioner's factual findings is limited to whether substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1152 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

Substantial evidence "is less than a preponderance of the evidence but more than a mere scintilla." *Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). But in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's] finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F.Supp.2d 623, 627 (M.D. Pa. 2003).

The question before this court, therefore, is not whether Kane was disabled, but whether substantial evidence supports the Commissioner's finding that she was not disabled and whether the Commissioner correctly applied the relevant law.

## B. Initial Burdens of Proof, Persuasion, and Articulation for the ALJ.

To receive benefits under Title II of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). Further, to receive disability insurance benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).[3]

---

[3] "Disability insurance benefits are paid to an individual if that individual is disabled and 'insured,' that is, the individual has worked long enough and paid social security taxes." *Jury v. Colvin*, No. 3:12-CV-2002, 2014 WL 1028439, at *1 n.5 (M.D. Pa. Mar. 14, 2014) (citing 42 U.S.C. §§ 415(a), 416(i)(1)). "The last date that an individual meets the requirements of being insured is commonly referred to as the 'date last insured.'" *Id*. (citing 42 U.S.C. § 416(i)(2)). Here, the ALJ determined that Kane met the insured-status requirements through March 31, 2019. *Admin Tr.* at 107.

To receive benefits under Title XVI of the Social Security Act, a claimant generally must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905(a). Unlike with disability insurance benefits under Title II of the Social Security Act, "[i]nsured status is irrelevant in determining a claimant's eligibility for supplemental security income benefits" under Title XVI of the Social Security Act. *Snyder v. Colvin*, No. 3:16-CV-01689, 2017 WL 1078330, at *1 (M.D. Pa. Mar. 22, 2017). Supplemental Security Income "is a federal income supplement program funded by general tax revenues (not social security taxes)" "designed to help aged, blind or other disabled individuals who have little or no income." *Id.*

The ALJ follows a five-step sequential-evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a); 20 C.F.R. § 416.920. Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe

6

impairment; (3) whether the claimant's impairment meets or equals a listed

impairment; (4) whether the claimant is able to do his or her past relevant work;

and (5) whether the claimant is able to do any other work, considering his or her

age, education, work experience, and residual functional capacity ("RFC"). 20

C.F.R. § 404.1520(a)(4)(i)–(v); 20 C.F.R. § 416.920(a)(4)(i)–(v).

The ALJ must also assess a claimant's RFC at step four. *Hess v. Comm'r of

Soc. Sec.*, 931 F.3d 198, 198 n.2 (3d Cir. 2019).  The RFC is '"that which an

individual is still able to do despite the limitations caused by his or her

impairment(s).'" *Burnett v Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000)

(quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)); *see also* 20

C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1).  In making this assessment,

the ALJ considers all the claimant's medically determinable impairments,

including any non-severe impairment identified by the ALJ at step two of his or

her analysis. 20 C.F.R. § 416.945(a)(2).

"The claimant bears the burden of proof at steps one through four" of the

sequential-evaluation process. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d

Cir. 2010).  But at step five, "the burden of production shifts to the Commissioner,

who must . . . show there are other jobs existing in significant numbers in the

national economy which the claimant can perform, consistent with her medical

impairments, age, education, past work experience, and residual functional capacity." *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001).

The ALJ's disability determination must also meet certain basic substantive requisites. Most significantly, the ALJ must provide "a clear and satisfactory explication of the basis on which" his or her decision rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). "The ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding." *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F. 3d 429, 433 (3d Cir. 1999). The "ALJ may not reject pertinent or probative evidence without explanation." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008). Otherwise, "'the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett*, 220 F.3d at 121 (quoting *Cotter*, 642 F.2d at 705).

## IV. The ALJ's Decision.

On March 3, 2021, the ALJ denied Kane's claims for benefits. *Admin. Tr.* at 102–120. The ALJ proceeded through the five-step sequential-evaluation process.

Pertaining to Kane's Title II claims, the ALJ first determined that Kane met the insured status requirements of the Social Security Act through March 31, 2019. *Id.* at 107.

8

At step one of the sequential-evaluation process, the ALJ found that Kane had not engaged in substantial gainful activity since the alleged onset date of her disability, January 11, 2017. *Id.*

At step two of the sequential-evaluation process, the ALJ found that Kane had the following severe impairments: degenerative disc disease/dysfunction of the lumbar spine; bilateral de Quervain's tenosynovitis, status-post surgery on the right hand; degenerative joint disease, status-post surgery of the left shoulder; hypothyroidism; hypertension; obstructive sleep apnea; obesity; obsessive-compulsive disorder; panic disorder; and major depressive disorder. *Id.* at 107-108.

At step three of the sequential-evaluation process, the ALJ found that Kane did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 108.

The ALJ then determined that Kane has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) except:

> [C]laimant must be given the opportunity to alternate between sitting and standing at least every thirty minutes. The claimant is limited to occasional stooping, kneeling, crouching, and climbing on ramps and stairs, but never crawling and never climbing on ladders, ropes, or scaffolds. The claimant must avoid unprotected heights and dangerous moving machinery. The claimant must avoid overhead reaching with the left upper extremity and is limited to no more than frequent handling and fingering. The claimant is limited to simple, routine tasks, involving no more than a reasoning level of three, but no fast-paced assembly line type work. The claimant is limited to no

more than occasional changes in the work setting.  The claimant is
limited to occasional interaction with supervisors, coworkers, and the
public.

*Id*. at 111.  In making this RFC assessment, the ALJ considered all of Kane's

symptoms as far as they can reasonably be accepted as consistent with objective

medical evidence. *Id*.  The ALJ also considered all medical opinions and prior

administrative findings entered into testimony. *Id*. at 112.

At step four of the sequential-evaluation process, the ALJ found that Kane

was unable to perform any past relevant work. *Id*. at 118.  The ALJ accepted the

testimony of the vocational expert that an individual of the same age, education,

work experience, and RFC as Kane would be unable to perform her past relevant

work as a user analyst or telephone solicitor. *Id.*

At step five of the sequential-evaluation process, considering Kane's age,

education, work experience, and RFC, the ALJ found that there were jobs—such as

router clerk dispatcher, routing clerk, and callout operator—that exist in significant

numbers in the national economy that Kane could perform. *Id*. at 119.

In sum, the ALJ concluded that Kane was not disabled. *Id*. at 120.  Thus, the

ALJ denied Kane's claims for benefits. *Id*.

## V. Discussion.

Kane presents three claims.  First, she claims that the ALJ rejected the opinion of her treating psychiatrist for erroneous reasons, in violation of the regulations and the law of the Third Circuit.  Second, Kane claims that the ALJ's decision is internally inconsistent, and according to the ALJ's own findings, Kane should have been found limited to sedentary exertion and disabled upon turning 50 years old.  Third, Kane claims that the ALJ failed to include all of her credibly established limitations in her RFC and hypothetical questions to the vocational expert.  We start with the second claim, and for the reasons discussed below, we conclude that remand is required because we are reluctant to speculate on the ALJ's intent and characterize the ALJ's inconsistencies as a mere scrivener's error.  Because we conclude that remand is warranted based on this claim, we do not reach Kane's other claims.[4]

---

[4] "Plaintiff's additional claims of error may be remedied through the case's treatment on remand." *Brown v. Saul*, No. CV 3:18-1619, 2020 WL 6731732, at *7 (M.D. Pa. Oct. 23, 2020), *report and recommendation adopted*, 2020 WL 6729164, at *1 (M.D. Pa. Nov. 16, 2020).  "A remand may produce different results on these claims, making discussion of them moot." *Id*.

### A.  Internal Inconsistencies.

Kane contends that the ALJ's decision is internally inconsistent because although the ALJ found that Kane had the RFC to perform "light work" (*Admin. Tr.* at 111), the ALJ subsequently stated that:

> While the undersigned acknowledges that the claimant has some limitations performing these activities, and while none of these activities is dispositive, taken together and considered in conjunction with the above medical evidence of record, they suggest that the claimant can perform *sedentary exertional work* within the above parameters on a sustained and continuous basis.

*Id.* at 116 (emphasis added).  Kane notes that when she turned 50 years of age, with a limitation to sedentary exertional work, she would have been found "disabled" under medical vocational guidelines. 20 C.F.R. Part 404, Subpart P, App. 2, § 201.14.  The Commissioner invites the Court to overlook the contradiction due to the ALJ's RFC finding of "light work" appearing in bold font and the context of the rest of the decision, arguing the ALJ's intention is clear, and the error is harmless.  We disagree.

"A scrivener's error is a transcription error or a typographical error." *Hudon v. Astrue*, Civil No. 10-cv-405-JL, 2011 WL 4382145, at *4 (D.N.H. Sept. 20, 2011) (citing *U.S. Nat'l Bank of Ore. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 462, 113 S. Ct. 2173, 124 L.Ed.2d 402 (1993)).  Generally, a typographical or scrivener's error is harmless when the ALJ's meaning is clear in context. *Calkins v.*

*Sec'y of Health & Hum. Servs.*, No. 85-5685, 1986 WL 17083, at *2 (6th Cir. May 7, 1986) (unpublished) (holding that the district court properly "examined the opinion as a whole to interpret the true meaning of the ALJ's findings" and was not required to "ignore the real finding of the ALJ and instead blindly follow the transcriber's version of the finding."); *Barnes v. Comm'r of Soc. Sec.*, No. 16-13714, 2018 WL 1474693, at *8 n.2 (E.D. Mich. Mar. 6, 2018)(finding that scrivener's errors were harmless because "the ALJ's true meaning is easily discernible for the analysis on each topic"); *Duvall v. Comm'r of Soc. Sec.*, No. 2:19-cv-2346, 2020 WL 90750, at *2 (S.D. Ohio Jan. 8, 2020).

But courts have held that even "minimal distinctions" in an ALJ's articulation may require remand. *Rutter v. Comm'r of Soc. Sec.*, No. 3:21-cv-01883-JGC, 2022 WL 4585897, at *12 (N.D. Ohio Sept. 2, 2022), *report and recommendation adopted*, 2022 WL 4585808 (N.D. Ohio Sept. 29, 2022) (holding that the ALJ did not comply with the minimal articulation standards in the ALJ's explanation of the persuasiveness of treating sources. Because of this the court found that it could not determine if the claimant's RFC was supported by substantial evidence, or whether the ALJ appropriately considered all medical opinion evidence when forming the mental status).

In determining that the ALJ's articulation error was not a mere scrivener's error, the *Rutter* court noted cases where a minimal error merited remand because

the court could not determine the ALJ's intent. *Id.; see also Douglas v. Astrue*, No. 1:09-1349-CMC-SVH, 2010 WL 3522298, at *5 (D.S.C. Sept. 3, 2010) (finding it was not a scrivener's error for the ALJ to include a limitation to SVP 1 and remanding because the court could not determine the ALJ's intent inasmuch as "[n]either the decision nor the record provides sufficient information to determine whether the ALJ ... unintentionally omitted 'or 2' from his RFC assessment.").  The *Rutter* court determined that, because the ALJ failed to meet the minimum articulation standard, the ALJ's intent was not apparent and the insertion of any corrective language would improperly "lead [the court] to speculate about the ALJ's intent." *Rutter*, 2022 WL 4585897, at *13.  Accordingly, the court could not trace the path of the ALJ's reasoning and recommended remand. *Id.*

It is a general rule that a scrivener's error is a "transcription error or typographical error." *Armata v. Berryhill*, No. 3:17-CV-30054-KAR, 2018 WL 4829180, at *11 (D. Mass. Oct. 4, 2018).  Courts, therefore, are "reluctant to apply the scrivener's error doctrine when the apparent contradictions in an ALJ's decisions have the potential to materially affect the disability finding." *Neifert v. Kijakazi*, No. 1:21-CV-1780, 2022 WL 17627869 at *3 (M.D. Pa. Dec. 13, 2022) (denying the Commissioner's motion for reconsideration where finding a scrivener's error to reconcile the ALJ's contradictory RFC findings "would change

14

the outcome of [the] case"). Thus, when the court "is uncertain as to whether [inconsistencies] are mere scrivener's errors as the Commissioner contends, or oversights that could have resulted in a different conclusion," a remand is appropriate. *Raper v. Colvin*, 262 F. Supp. 3d 415, 422 (N.D. Tex. 2017).

Here, the error cannot be found harmless. Applying the above standards to the present record, we find that the ALJ's intent here is not sufficiently apparent to conclude that the ALJ's statement was a mere scrivener's error. Thus, we are reluctant to speculate on the ALJ's intent and cast his statement regarding "sedentary exertional work" (*Admin. Tr.* at 116) as a mere scrivener's error. We conclude that remand is warranted to determine the ALJ's intent.

### B. Remand is the appropriate remedy.

Because the ALJ's decision is internally inconsistent, the question is whether the court should remand the case to the Commissioner for further proceedings or enter judgment in favor of Kane and award her benefits. We conclude that remand is the appropriate remedy.

Under sentence four of 42 U.S.C. § 405(g), the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Thus, although a remand is often the

appropriate remedy, the court may also enter an order awarding the claimant benefits. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (remanding the case to the district court with directions to enter an order awarding the payment of benefits); *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000) (same); *Podedworny v. Harris*, 745 F.2d 210, 223 (3d Cir. 1984) (same).  But an "award [of] benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221–22.  Whether there has been excessive delay and/or prior remands also bears on whether to award benefits or to remand for further proceedings. *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 391 (M.D. Pa. 2019).  "Thus, in practice any decision to award benefits in lieu of ordering a remand for further agency consideration entails the weighing of two factors: First, whether there has been an excessive delay in the litigation of the claim which is not attributable to the claimant; and second, whether the administrative record of the case has been fully developed and substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Id*.

Here, there has not been excessive delay in the litigation of Kane's claim, and we cannot say that substantial evidence on the record as a whole shows that

16

Kane was disabled during the relevant time period and entitled to benefits.  Thus,

we will remand the case to the Commissioner for further proceedings.

**VI.  Conclusion.**

For the foregoing reasons, we will vacate the decision of the Commissioner

and remand the case to the Commissioner for further proceedings pursuant to

sentence four of 42 U.S.C. §405(g).[5]  An appropriate order follows.

_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge

---

[5] While we are remanding this case to the Commissioner, we emphasize that
nothing in this Memorandum Opinion should be deemed as expressing a judgment
on what the ultimate outcome of any reassessment of this evidence should be.